10-1669-cv
Wolf v. New York City Department of Education

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 27th day of April, two thousand eleven.

Present:
>ROBERT D. SACK,
>ROBERT A. KATZMANN,
>RAYMOND J. LOHIER, JR.,
>>*Circuit Judges.*

_____

JOYCE WOLF,

>*Plaintiff-Appellant*,

>- v. -                    No. 10-1669-cv

NEW YORK CITY DEPARTMENT OF EDUCATION,
LAURA RODRIGUEZ, Superintendent, individually and
in her official capacity,[*]

>*Defendants-Appellees.*

_____

For Plaintiff-Appellant:          JASON M. WOLF, Wolf & Wolf, LLP, Bronx, N.Y.

For Defendants-Appellees:         FAY NG, Assistant Corporation Counsel (Pamela Seider Dolgow, Assistant Corporation Counsel, *of counsel*), *for* Michael A. Cardozo, Corporation Counsel for the City of New York, New York, N.Y.

_____

[*] The Clerk of the Court is directed to amend the official caption as set forth above.

Appeal from the United States District Court for the Southern District of New York (Cedarbaum, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Joyce Wolf appeals from a final judgment, entered on April 19, 2010, in the United States District Court for the Southern District of New York (Cedarbaum, *J.*), granting the motion for summary judgment of Defendants-Appellants New York City Department of Education and Laura Rodriguez (collectively, "defendants") and dismissing Wolf's complaint in its entirety. Wolf brought this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296 *et seq.*, asserting that she was not appointed principal of Public School 72 because of her race. On appeal, Wolf argues that she provided competent evidence to demonstrate that the defendants' proffered justification for hiring another candidate was a pretext for unlawful discrimination. We assume the parties' familiarity with the facts and procedural history of the case.

"We review *de novo* a district court's grant or denial of summary judgment," construing the evidence "in the light most favorable to the party against whom summary judgment is sought." *In re Novartis Wage & Hour Litig.*, 611 F.3d 141, 150 (2d Cir. 2010). Summary judgment is appropriate only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is not appropriate if the evidence is such that a reasonable jury could return a verdict in favor of the party against which summary judgment is contemplated." *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 178-79 (2d Cir. 2008).

The district court found, in granting summary judgment to defendants, that Wolf had established a prima facie case of intentional discrimination. Under the familiar burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), the employee bears the initial burden of proving a prima facie case by a preponderance of the evidence by showing (1) membership in a protected class; (2) satisfactory job performance; (3) termination from employment or other adverse employment action; and (4) that the adverse action took place under circumstances giving rise to an inference of discrimination on the basis of membership in a protected class. *Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000). After a prima facie case is made, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action, which, if proffered, places the burden on the plaintiff to "prove that discrimination was the real reason for the employment action." *Id*.; *see also Spiegel v. Schulmann*, 604 F.3d 72, 80 (2d Cir. 2010) (applying *McDonnell Douglas* framework to employment discrimination claims under the NYSHRL). The parties do not dispute that Wolf has satisfied the first three elements, and the district court found that Wolf had provided sufficient evidence to give rise to an inference of discrimination based on Rodriguez's comment that "it was time for a minority" to serve as principal. App. 309.

We need not resolve the question of whether Wolf has established a prima facie case because assuming, *arguendo*, she has, the record supports the district court's conclusion that the defendants' rationale for selecting another candidate was legitimate and nondiscriminatory. Wolf argues that because the Local Instructional Superintendent, Althea Serrant, was present when Rodriguez made the discriminatory remark and did not object to it, Serrant selected Margarita Colon for the position of principal because of her race. Nevertheless, defendants have pointed to Ms. Colon's qualifications for the position, *inter alia*, her ability to assist a school deemed "in

3

need of improvement," *id.* at 57, her qualifications for English language learners, her focus on different types of instruction, and her stated goal to better guide parents. By contrast, the interim selection committee found that Wolf "did not demonstrate her instructional knowledge in leading a school to improve student achievement . . . . [S]he did not indicate that she was able to identify and provide Professional Development to teachers to improve their instructional skills . . . ." *Id.* at 58-59. Furthermore, defendants have demonstrated that the Level I Committee, which interviewed candidates for the permanent principal position and was comprised of a racially diverse mix of nine parents and teachers, gave Ms. Colon the highest ranking of all the candidates for the position. Wolf has not alleged that this process was based on discrimination. These nondiscriminatory reasons for defendants' hiring decision are sufficient to rebut Wolf's purely speculative claim that Serrant's decision was based on Rodriguez's discriminatory comment. *See, e.g.*, *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993) ("[A] reason cannot be proved to be 'a pretext *for discrimination*' unless it is shown *both* that the reason was false, *and* that discrimination was the real reason."); *James v. N.Y. Racing Ass'n*, 233 F.3d 149, 154 (2d Cir. 2000) ("[O]nce the employer has proffered its nondiscriminatory reason, the employer will be entitled to summary judgment . . . unless the plaintiff can point to evidence that reasonably supports a finding of prohibited discrimination."). To the extent that Wolf brings a separate claim based on the choice of Ms. Colon for the interim acting principal position, she has not identified any evidence in the record suggesting that the interim committee's comparison of Wolf and Ms. Colon was pretextual, or that Ms. Serrant's real reason for selecting Ms. Colon was discriminatory. Accordingly, the district court properly granted summary judgment to defendants on Wolf's Title VII and NYSHRL claims.

4

We have considered Wolf's remaining arguments and find them to be without merit.

Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK